UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE YERRID LAW FIRM, P.A.

    Plaintiff,

v.

KOUWENHOVEN AND ASSOCIATES, INC., a Florida Corporation and ALLIED WORLD INSURANCE COMPANY, a Foreign Corporation

    Defendants.

Case No.

## NOTICE OF REMOVAL

Defendant ALLIED WORLD INSURANCE COMPANY ("Allied World") removes an action from the Circuit Court of the Thirteenth Judicial Circuit of Florida, in and for Hillsborough County, styled *The Yerrid Law Firm, P.A. v. Kouwenhoven and Associates, Inc. et al.*, Case No. 20-CA-602.

### I.
### The State Court Case

1.    On January 28, 2020, Plaintiff, The Yerrid Law Firm, P.A. ("the Firm"), first provided to Allied World a copy of the Complaint in the matter styled *The Yerrid Law Firm, P.A. v. Kouwenhoven and Associates, Inc.*, Case No. 20-CA-602, which was filed in the Circuit Court of the Thirteenth Judicial Court of Florida, in and for Hillsborough County on January 21, 2020 (the "Complaint").[1] As set forth in the Complaint, this matter involves a dispute regarding the availability of insurance coverage for an underlying claim against the Firm arising out of the Firm's

---

[1] A true and correct copy of the Complaint is attached as **Exhibit A**.

1

unauthorized transfer of a client's settlement funds (the "Fund Transfer Claim"). The Complaint also names as a defendant KOUWENHOVEN AND ASSOCIATES, INC. ("K&A").

2. The Complaint contains two counts. Count I is a claim against K&A for broker negligence in allegedly failing to procure on the Firm's behalf an insurance policy that would provide coverage for the Fund Transfer Claim. Count II is a claim against Allied World alleging breach of contract in connection with Allied World's denial of coverage for the Funds Transfer Claim under the professional liability insurance policy it issued to the Firm.

3. This Notice of Removal is filed within 30 days of receipt of the Complaint, pursuant to 28 U.S.C. §1446(b).

4. This case is removed to the United States District Court for the Middle District of Florida, Tampa Division, because the action originally was brought in Hillsborough County, Florida. 28 U.S.C. §§ 1441(a); 1446(a).

## II.
## Jurisdiction

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the Firm and Allied World, which as set forth below is the sole properly named defendant, are citizens of different States.

## III.
## Complete Diversity Exists

6. At the time of the lawsuit and the filing of this Notice of Removal, there was and still is complete diversity between Plaintiff, the Firm (a citizen of Florida), on the one hand, and Defendant, Allied World (not a Florida citizen), on the other. As detailed below, co-defendant K&A, a Florida company, has been fraudulently joined in this action in an attempt to defeat diversity jurisdiction and, therefore, the citizenship of K&A should be ignored.

A. **Citizenship of Parties**

7. Plaintiff, the Firm, is a Florida Professional Association with its principal place of business in Florida. The attorneys at the Firm are C. Steven Yerrid, Ralph L. Gonzalez, David D. Dickey, Heather N. Barnes, Jeff Murphy, and Gable Yerrid; each of these attorneys resides in Florida and is a citizen of Florida. The Firm is a citizen of Florida for purposes of 28 U.S.C. § 1332(c)(1).

8. Defendant Allied World is incorporated in the State of New Hampshire and its principal place of business is located at 199 Water Street 25th Floor, New York, NY 10038. Accordingly, Allied World is a citizen of New Hampshire and New York for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

9. K&A is a Florida corporation with its principal place of business in Florida. The improper inclusion of K&A as a defendant does not defeat removal.

10. K&A has been fraudulently joined in this action for the sole purpose of destroying diversity of citizenship between the parties in order to defeat removal to this Court. K&A is not a properly joined party to this action because, among other things, no cause of action has accrued against K&A.

11. "Under Florida law, claims against an insurance agent for failing to procure coverage do not accrue until the underlying action between the insured and the insurance company regarding coverage has been resolved." *See Witkin Design Group, Inc. v Travelers Property Casualty Company*, No. 16-20484-CIV-MORENO, 2016 WL 1572964 at *2 (S.D. Fla. Apr. 18, 2016), citing *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1065 (Fla. 2001) ("[W]e hold that, in the circumstances presented here, a negligence/malpractice cause of action accrues when the client incurs damages at the conclusion of the related or underlying judicial proceedings.").

12. The sole count in the Complaint against K&A (Count I) alleges "Broker Negligence" for failing to procure adequate insurance coverage. Under established Florida law, this claim has not yet accrued. Because no viable cause of action can be alleged against K&A, it has been fraudulently joined and: (1) K&A's citizenship should be disregarded; and (2) K&A should be dismissed from this suit. *See Triggs v. John Crump Toyota, Inc.*, 154 F. 3d. 1284, 1287 (11th Cir. 1998) (action is removable if a non-diverse defendant was fraudulently joined); *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (a nondiverse defendant is fraudulently joined when "there is no possibility the plaintiff can establish a cause of action against the resident defendant."). *See also JWC Hamptons, Inc. v. Empire Indem. Ins. Co.*, No. 0:19-cv-62232-RUIZ/SELTZER, 2020 WL 37571 (S.D. Fla. Jan. 3, 2020) (dismissing claim against non-diverse broker and denying motion to remand case to state court); *White v. Minn. Life Ins. Co.*, No. 6:10-cv-1661-ORL-35KRS, 2010 WL 11627321 at *3 (M.D. Fla. Dec. 8, 2010) (collecting cases and noting that "[c]ourts in this circuit have applied the fraudulent joinder rule and dismissed, as premature, negligence actions against an insurance agent responsible for binding coverage on the plaintiff's behalf."); *Looney v. Protective Life Ins. Co.*, No. 8:07-cv-1020-T-17TBM, 2007 WL 2669190 at *4 (M.D. Fla. Sept. 6, 2007) ("Plaintiff claims that she is entitled to coverage. If she is successful in that action, then she is covered under the existing policy, and has suffered no damages due to the alleged negligence claim of [an agent]. If she is not awarded the $500,000.00 then she has suffered damages and may, at that time, initiate action against the agent."); *Essex Ins. Co. v. Rodgers Bros Servs., Inc.*, No. 8:05-cv-648T27TBM, 2006 WL 2356036 at *1 (M.D. Fla. Aug. 11, 2006) ("A claim against an insurance agent for negligence does not accrue until the underlying action against the insurance company is final."); *Fourth Tee, LLC v. AXIS Surplus Ins. Co.*, No. 8:12-cv-1249-T-17TGW, 2013 WL 593951 (M.D. Fla. Feb. 15, 2013) (claim against broker for

4

failing to comply with statutory requirements and to advise insured that policy did not cover certain losses was not part of the same transaction or occurrence as claim against insurer for breach of contract).

## IV.
## Amount In Controversy

13. The amount in controversy exceeds $75,000, exclusive of interest and costs. The Firm seeks insurance coverage for the Funds Transfer Claim, which involves an alleged loss of more than two million dollars ($2,000,000).

## V.
## Consent From Fraudulently Joined Defendant Is Not Needed

14. Allied World removes this action without the consent or objection of K&A. Pursuant to 28 U.S.C. § 1446(b)(2), because K&A is not properly joined as a defendant, its consent is unnecessary. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been **properly joined** and served must join in or consent to the removal of the action.") (emphasis added); *Mobro Marine Inc. v. Essex Ins. Co.*, No. 3:11-cv-622-J-12JBT, 2011 WL 6328255 (M.D. Fla. Dec. 15, 2011) (non-diverse broker who did not join in consenting to removal did not preclude removal because broker was nominal party given claim against it for failure to procure insurance was premature claim contingent upon unsuccessful resolution of case against insurer).

## VI.
## Compliance With 28 U.S.C. § 1446

15. Allied World files copies of all process, pleadings, and orders served on it, and such other papers that are exhibits,[2] as required by 28 U.S.C. § 1446, and Local Rule 4.02 of this Court.

16. Pursuant to 28 U.S.C. § 1446(d), Allied World provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all

---

[2] *See* **Exhibit A**, *supra*, Complaint filed on January 21, 2020.

5

adverse parties and with the Clerk of Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

**WHEREFORE**, Allied World requests that this Court exercise jurisdiction over this matter.

/s/ Charles C. Lemley
Charles C. Lemley
Florida Bar No.: 0016314
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Phone: (202) 719-7000
Fax: (202) 719-7049
Email: clemley@wiley.law

6

## CERTIFICATE OF SERVICE

I hereby certify that February 14, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

George A. Vaka
VAKA LAW GROUP, P.L.
777 S. Harbour Island Blvd., Suite 300
Tampa, Florida 33602
gvaka@vakalaw.com
kpeterson@vakalaw.com


/s/ Charles C. Lemley
Charles C. Lemley

7